### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| **ANDRE PERKINS,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civ. No. 1:24-cv-01023-STA-jay** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | |
| **Respondent.** | ) | |
| | ) | |
| | ) | |

### ORDER DISMISSING § 2254 PETITION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On January 22, 2024, Andre Perkins filed a *pro se* "Petition For Relief From Conviction of Sentence" with the style for the Circuit Court of Henry County, Tennessee. (ECF No. 1.) When Perkins filed the petition (*id*.), he was incarcerated at the Stewart County Detention Center in Dover, Tennessee. (ECF No. 1-3.) The Court docketed the petition as a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by the Person in State Custody. (ECF No. 1.) Perkins filed a letter stating that he believed that the court in Henry County received his petition but that the state court did not act on the petition. (*See* ECF No. 1-4.) Perkins did not state what action he was seeking from this Court.

Perkins's change of address filed with the Court on June 3, 2024, indicated that he was no longer incarcerated (ECF No. 6), which raised the issues of whether Perkins remained "in custody" under a state court judgment and whether the relief he sought from this Court was moot.

Given that the petition (ECF No. 1) appeared to have been filed to seek state court relief

and did not substantially comply with the § 2254 form used by this Court[1], the Court lacked the

information it needed to proceed with preliminary screening of the petition pursuant to Habeas

Rule 4.  On August 6, 2025, the Court ordered Perkins to file an amended § 2254 petition within

28 days that is on the official form or that substantially follows the § 2254 form.  (ECF No. 8 at

PageID 35 (directing the Clerk of Court to mail a § 2254 form (AO 241) to Perkins, and allowing

Perkins, if needed, to file a motion seeking an extension of time on or before the due date for the

amended petition).  The Court warned Perkins that his failure to file an amended petition would

result in dismissal of the petition (ECF No. 1) and the case without further notice for failure to

prosecute under Fed. R. Civ. P. 41(b).  (ECF No. 8 at PageID 35.)

Perkins has failed to comply with the Court's August 6, 2025 Order, and the time for

compliance has expired.  Perkins appears to have abandoned this action.  Accordingly, the § 2254

petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.  *See* Fed.

R. Civ. P. 41(b).

A § 2254 petitioner may not appeal without a certificate of appealability ("COA").  28

U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  To obtain a COA, a petitioner must make "a

substantial showing of the denial of a constitutional right."  *See* § 2253(c)(2).  Where habeas relief

is denied on procedural grounds without reaching the merits of the underlying constitutional

claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right and that

---

[1] Under Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts
("Habeas Rules"), a § 2254 petition must be on the Court's form or must substantially follow the
Court's form.

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Petitioner's claims are dismissed for failure to prosecute. Reasonable jurists would not find it debatable whether the Court is correct in its procedural ruling dismissing the § 2254 petition (ECF No. 1) for failure to prosecute and for non-compliance with the Court's orders. The Court **DENIES** a COA.

To appeal *in forma pauperis* in a habeas case under § 2254, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). For the same reasons the Court denies a COA, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
_____
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 14, 2025